IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : CASE NO.: 1:24-CR-9 (WLS-ALS-5) |
| LANCE DAVID RIDDLE, | : |
| Defendant. | : |

**ORDER**

Before the Court is Defendant Lance David Riddle's ("Defendant Riddle") Motion to Sever (Doc. 100) ("the Motion"). For the reasons discussed herein, the Motion is **DENIED**.

I. **BACKGROUND**

On February 13, 2024, the Government filed a two-count Indictment (Doc. 1) against five defendants, including Defendant Riddle. Count One of the Indictment charges Defendants with Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349 in connection with 18 U.S.C. § 1343. Count Two charges Defendants with Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 1956(h). In an Order (Doc. 51) entered on April 3, 2024, the Court declared the case complex. The trial is tentatively set to begin in April 2024.[1]

Defendant Riddle filed the instant Motion to Sever (Doc. 100) on December 13, 2024. On December 17, 2024, the Court ordered the Government to respond. (Doc. 101). The Government filed a Response in Opposition (Doc. 102) on January 2, 2025. The deadline for Defendant to submit a Reply has elapsed without any such submission from Defendant. As such, the Motion to Sever is fully briefed and ripe for ruling.

II. **LAW AND ANALYSIS**

Defendant moves to sever his trial from the trial of his co-defendants. (*See generally* Doc. 100). "The permissibility of joint trials is governed by Rules 8 and 14 of the Federal Rules of Criminal Procedure." *United States v. Blankenship*, 382 F.3d 1110, 1120 (11th Cir. 2004) (citing

---

[1] The actual trial date will be known when the Parties receive the Notice of Pretrial Conference, which might state the proposed trial date listed herein or an earlier or later trial date.

1

Fed. R. Crim. P. 8 & 14). Rule 8(b) provides that two or more defendants may be charged in the same indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Nevertheless, if such joinder "appears prejudicial . . . a defendant can move for a severance." *United States v. Graham*, 123 F.4th 1197, 1242 (11th Cir. 2024) (citing Fed. R. Crim. P. 14(a)).

Generally, "defendants who are jointly indicted should be tried together." *United States v. Alvarez*, 755 F.2d 830, 857 (11th Cir. 1985) (citing *United States v. Zielie*, 734 F.2d 1447, 1463 (11th Cir. 1984) and *United States v. Weinrich*, 586 F.2d 481, 495 (5th Cir. 1978)). "[T]his rule applies with particular force in conspiracy cases." *Id.* (citing *United States v. Walker*, 720 F.2d 1527, 1533 (11th Cir. 1983) and *United States v. Howell*, 664 F.2d 101, 106 (5th Cir. Unit B 1981)). "[D]efendants in such [conspiracy] cases 'should be' tried together." *Graham*, 123 F.4th at 1243 (quoting *United States v. Lopez*, 649 F.3d 1222, 1234 (11th Cir. 2011)).

A defendant seeking severance "must discharge the 'heavy burden of demonstrating compelling prejudice from the joinder.'" *United States v. Browne*, 505 F.3d 1229, 1268 (11th Cir. 2007) (internal quotations omitted) (quoting *United States v. Novaton*, 271 F.3d 968, 989 (11th Cir. 2001)). "To prove compelling prejudice, a defendant must show (1) that actual prejudice would result from a joint trial and (2) that severance is the only proper remedy to avoid that prejudice." *Graham*, 123 F.4th at 1243 (citing *Lopez*, 649 F.3d at 1234). Defendant Riddle essentially makes two arguments for severance. Neither is persuasive.

### 1. Guilt by Association

Defendant first argues prejudice because "[a] joint trial would have the effect of influencing the jury against the Defendant by implication of guilt by association"—particularly if the Government introduces Rule 404(b) evidence against other Defendants. (Doc. 100 ¶ 3). However, Defendant has provided no suggestion, let alone evidence, that there is a particularized risk of a jury using evidence for impermissible purposes against him and that he would suffer actual prejudice as a result. And the potential prejudicial effect to Defendant Riddle of the evidence offered against other Defendants could easily be remedied by a jury instruction limiting the use of certain types of evidence to certain permissible purposes. Thus,

2

Defendant has failed meet his burden to show compelling prejudice from "guilt by association."

## 2. Lack of Specificity in the Indictment

Defendant next argues prejudice because "the indictment fails to adequately allege how Defendant participated in, or even knew, of an illegal conspiracy." (Doc. 100 ¶ 4). The Court is unpersuaded for two reasons.

First, having reviewed the Indictment, the Court finds that it sufficiently alleges Defendant Riddle's role in the alleged conspiracy. (*See generally* Doc. 1). For example, the Indictment alleges that Defendant Riddle "instructed other conspirators in the finer points of the scheme helping them craft the stories they would tell to the victims and sharing lists of law enforcement agencies they should use as part of their impersonation." (Doc. 1 at 8). Indeed, even a cursory review of the Indictment reflects numerous specific actions, recounted in significant detail, allegedly taken by Defendant Riddle in furtherance of the alleged conspiracy. (*See generally id.*) Thus, the Court finds that the Indictment sufficiently alleges Defendant Riddle's role in the conspiracy alleged.[2]

Second, to the extent the Indictment may be arguably vague, any prejudice Defendant Riddle may have suffered from such arguable lack of specificity has been cured and met by the detailed description of the facts the Government intends to prove at trial, as provided in the Government's Response. (*See* Doc. 102 at 1–18). Defendant therefore has failed to meet his burden to show compelling prejudice from the lack of specificity in the Indictment.

## III. CONCLUSION

In sum, the Court is unpersuaded by either of Defendant Riddle's arguments that severance is warranted. Accordingly, Defendant Riddle's Motion to Sever (Doc. 100) is **DENIED**.

**SO ORDERED**, this 14th day of February 2025.

    /s/ W. Louis Sands
    W. LOUIS SANDS, SR. JUDGE
    UNITED STATES DISTRICT COURT

---

[2] Additionally, to the extent Defendant challenges the sufficiency of the Indictment generally, he moves under the wrong Rule.

3